IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JAMES WEST                                                                                          PLAINTIFF

v.                                        Case No. 6:19-cv-6123

SHELTER MUTUAL INSURANCE COMPANY                                    DEFENDANT

## ORDER

Before the Court is Plaintiff's Motion to Remand.  ECF No. 10.  Defendant has filed a response in opposition to the motion.  ECF No. 11.  Plaintiff has filed a reply.  ECF No. 13.  The matter is ripe for the Court's consideration.

On January 18, 2019, Plaintiff filed in state court a negligence action against Stacy Mathis for injuries sustained in an automobile accident.  At the time of the accident, Defendant insured the vehicle operated by Stacy Mathis.  A default judgment was entered against Stacy Mathis, and Plaintiff was awarded damages in the amount of $233,138.67.  On July 30, 2019, Plaintiff forwarded the judgment to Defendant for payment.  ECF No. 10, p. 1.

On September 20, 2019, Plaintiff filed the instant action in state court, alleging that Defendant breached its contract by refusing to defend Stacy Mathis in the underlying action and refusing to "pay the judgment."  ECF No. 3, ¶¶ 21-23.  In his complaint, Plaintiff asked for a judgment "in an amount equal to the applicable limit of policy number 210030100817680006."  Plaintiff further asked the Court to award him "a 12% penalty and attorney fees pursuant to Ark. Code Ann. § 23-79-208" plus "costs, interest and all other just and proper relief to which [he] may be entitled."  ECF No. 3, p. 4.

On October 8, 2019, Defendant served Plaintiff with a request for admission, asking Plaintiff to admit that the damages he is seeking in the instant lawsuit, including attorneys' fees and penalties,

are less than $75,000. ECF No. 10, ¶ 6. On October 11, 2019, Plaintiff filed a response to the request for admission, which stated that "Plaintiff currently has no information regarding the current policy limits of liability policy number 210030100817680006 issued by [Defendant]" and that Plaintiff would "amend or supplement this response as necessary upon receipt of documentation stating the current policy limits of the applicable liability policy." ECF No. 10, p. ¶ 7. On October 22, 2019, Defendant filed its Notice of Removal based on diversity jurisdiction under 28 U.S.C. § 1332. ECF No. 1. After Defendant filed its Notice of Removal, it revealed to Plaintiff that the policy limit of the insurance policy at issue is $25,000.

Plaintiff now moves the Court to remand this action to state court on the ground that the amount in controversy does not exceed the jurisdictional minimum. "A defendant may remove a state law claim to federal court only if the action originally could have been filed there." *In re Prempro Products Liability Litigation*, 591 F.3d 613, 619 (8th Cir. 2010) (citing *Phipps v. FDIC*, 417 F.3d 1006, 1010 (8th Cir. 2005)). Diversity jurisdiction requires an amount in controversy greater than $75,000 and complete diversity of citizenship among the litigants. 28 U.S.C. § 1332(a).

In removal cases, the district court reviews the state court petition pending at the time of removal to determine the existence of subject matter jurisdiction. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938). The district court may also look to the notice of removal to determine its jurisdiction. 28 U.S.C. § 1446(c)(2)(A)(ii). The removing defendant, as the party invoking jurisdiction, bears the burden of proving, by a preponderance of the evidence, that there is complete diversity and that the amount in controversy is greater than $75,000. *Bell v. Hershey Co.*, 557 F.3d 953, 956 (8th Cir. 2009); *James Neff Kramper Family Farm P'ship v. IPB, Inc.*, 393 F.3d 828, 831 (8th Cir. 2005). "Under the preponderance standard, '[t]he jurisdictional fact . . . is not whether the damages *are* greater than the requisite amount, but whether a fact finder *might* legally

conclude that they are.'" *Bell*, 557 F.3d at 959 (quoting *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)) (emphasis in original). All doubts about federal jurisdiction must be resolved in favor of remand. *Dahl v. R.J. Reynolds Tobacco Co.*, 478 F.3d 965, 968 (8th Cir. 2007).

Plaintiff's complaint prays for damages in the amount equal to the applicable policy limit, plus the twelve percent (12%) penalty provided by Arkansas law, attorneys' fees, interest, and costs. Defendant argues that, despite this language in the complaint, Plaintiff intends to seek damages equal to the total amount of the default judgment awarded against Mathis in state court, which is $233,138.67. In support of its argument, Defendant cites to Plaintiff's pre-suit demand that Defendant pay the total amount of the default judgment. That demand, however, was not included in Plaintiff's complaint, which is clear that Plaintiff is seeking damages in the amount of the policy limit at issue ($25,000), plus the twelve percent (12%) penalty ($3,000), which equals $28,000. Plaintiff further seeks as damages attorneys' fees and costs. The amount of the attorneys' fees and costs awarded in this case would have to total more than $47,000 for the total damages to exceed $75,000. No party has stated an expectation that attorneys' fees and costs would equal more than $47,000.

Under Arkansas law, Plaintiff's recovery in this lawsuit is limited to the applicable policy limit, plus the twelve percent (12%) penalty, attorneys' fees, interest, and costs. *See* Ark Code Ann. §§ 23-79-208(a)(1), 23-89-101 (allowing an injured person to maintain a direct action against the insurer, by way of subrogation, for the amount of the unsatisfied judgment rendered against the insured, not exceeding the amount of the policy). These are the exact damages Plaintiff prays for in his complaint. The Court is not aware of a legal theory that would permit Plaintiff to recover more damages than what the Arkansas statute allows. Accordingly, Defendant has not met its burden of proving that the amount in controversy is greater than $75,000.

For this reason, the Court finds that Plaintiff's Motion to Remand (ECF No. 10) should be and hereby is **GRANTED**. This action is remanded to the Circuit Court of Pike County, Arkansas, for further adjudication.

**IT IS SO ORDERED**, this 8th day of May, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge
